Aaron D. Radbil (*pro hac vice* admission request to be made)
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
(512) 803-1578
(561) 961-5684 (Fax)
aradbil@gdrlawfirm.com

Michael L. Greenwald (*pro hac vice* admission request to be made)
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
(561) 826-5477
(561) 961-5684 (Fax)
mgreenwald@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Porterfield, *on behalf of himself and others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>Capital One Bank (USA), N.A.,<br><br>    Defendant. | Case No.<br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT

### Nature of this Action

1.   Jason Porterfield ("Plaintiff") brings this class action against Capital One Bank (USA), N.A. ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2.   Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-

1

1  emergency calls to telephone numbers assigned to a cellular telephone service without prior
2  express consent, in that Defendant places autodialed calls to wrong or reassigned cellular
3  telephone numbers.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

### Parties

5. Plaintiff is a natural person who at all relevant times resided in San Tan Valley, Arizona.

6. Defendant is a national bank headquartered in McLean, Virginia.

### Factual Allegations

7. Sometime in early 2019, Plaintiff obtained a new cellular telephone number—(480) ▮▮▮▮ ("the cellular telephone number").

8. Plaintiff is, and was at all relevant times, the subscriber to the cellular telephone number.

9. Plaintiff and his eleven-year-old son are the regular and customary users of the cellular telephone number.

10. Shortly after Plaintiff obtained the cellular telephone number, Defendant began placing calls to it.

11. Defendant placed more than three dozen calls to the cellular telephone number during May and June 2019 alone.

12. The intended recipient of Defendant's calls was a woman named Vicky Packer.

13. Neither Plaintiff nor his son know, or have any relationship with, Ms. Packer.

14. On more than one occasion Plaintiff's son answered a call from Defendant.

15. Plaintiff's son became frightened by Defendant's calls, in part because

Defendant repeatedly asked to speak with someone who Plaintiff's son did not know.

16. On at least one occasion Plaintiff answered a call from Defendant, and informed Defendant that neither he nor his son were the person Defendant intended to reach by placing calls to the cellular telephone number and that Defendant should stop placing calls to the cellular telephone number.

17. Defendant, however, continued to place calls to the cellular telephone number.

18. On at least one occasion Plaintiff placed a call to Defendant, and informed Defendant that neither he nor his son were the person Defendant intended to reach by placing calls to the cellular telephone number and that Defendant should stop calling the cellular telephone number.

19. Defendant, however, continued to place calls to the cellular telephone number.

20. On at least one occasion when Plaintiff answered a call from Defendant a noticeable delay existed between the moment Plaintiff greeted the caller and the moment that Defendant responded.

21. On at least one occasion, when Plaintiff's son answered a call from Defendant, a noticeable delay existed between the moment Plaintiff's son greeted the caller and the moment that Defendant responded.

22. On at least one occasion, when Plaintiff answered a call from Defendant, Plaintiff repeatedly greeted the caller by saying something like "hello . . . hello . . . hello . . . " before Defendant responded.

23. On at least one occasion, when Plaintiff's son answered a call from Defendant, Plaintiff's son repeatedly greeted the caller by saying something like "hello . . . hello . . . hello . . . " before Defendant responded.

24. On at least one occasion, when Plaintiff spoke to Defendant upon answering a call from Defendant, he noticed a significant amount of background noise which sounded like a call center.

25. On at least one occasion, when Plaintiff's son spoke to Defendant upon answering a call from Defendant, he noticed a significant amount of background noise which sounded like a call center.

26. Neither Plaintiff nor his son provided the cellular telephone number to Defendant.

27. Neither Plaintiff nor his son provided Defendant prior express consent to place calls to the cellular telephone number by using an automatic telephone dialing system.

28. Upon information and good faith belief, during the relevant time period, Defendant used Avaya dialers to place calls intended for its customers.

29. Upon information and good faith belief, the Avaya dialers have the capacity to store numbers to be called, and to dial those numbers automatically.

30. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to the cellular telephone number by using an automatic telephone dialing system.

31. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to the cellular telephone number by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

32. Upon information and good faith belief, Defendant placed its calls to the cellular telephone number for non-emergency purposes.

33. Upon information and good faith belief, Defendant placed its calls to the cellular telephone number voluntarily.

34. Upon information and good faith belief, Defendant placed its calls to the cellular telephone number under its own free will.

35. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to the cellular telephone number.

36. Plaintiff suffered actual harm as a result Defendant's calls in that he suffered an invasion of privacy, an intrusion into his home, an intrusion into his life, an intrusion into his family, and a private nuisance.

37. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

## Class Action Allegations

38. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Capital One Bank (USA), N.A. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Capital One Bank (USA), N.A. calls, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within four years preceding the date of this complaint through the date of class certification.

39. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

40. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

41. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

42. The members of the class are ascertainable because the class is defined by reference to objective criteria.

43. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in

business records maintained by Defendant and by third parties.

44. Plaintiff's claims are typical of the claims of the members of the class.

45. As it did for all members of the class, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number.

46. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

47. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

48. Plaintiff suffered the same injuries as the members of the class.

49. Plaintiff will fairly and adequately protect the interests of the members of the class.

50. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

51. Plaintiff will vigorously pursue the claims of the members of the class.

52. Plaintiff has retained counsel experienced and competent in class action litigation.

53. Plaintiff's counsel will vigorously pursue this matter.

54. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

55. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

56. Issues of law and fact common to all members of the class are:
   a. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;
   b. Defendant's violations of the TCPA;
   c. Defendant's use of an automatic telephone dialing system as defined by the TCPA; and
   d. The availability of statutory penalties.

57. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

58. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

59. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

60. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

61. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

62. The damages suffered by each individual member of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

63. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

64. There will be little difficulty in the management of this action as a class action.

65. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I

### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

66. Plaintiff repeats and re-allege each and every factual allegation contained in paragraphs 1-65.

67. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number without

consent.

68. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representatives under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the members of the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: September 23, 2019    */s/ Aaron D. Radbil*
Aaron D. Radbil

Michael L. Greenwald
Greenwald Davidson Radbil PLLC